# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:06CV141

| | |
|---|---|
| WILLIAM H. GOURLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| KEN WILSON FORD, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion to dismiss the third and fourth causes of action in the complaint. The Plaintiff has filed opposition.

## I. STANDARD OF REVIEW

"'A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim

entitling him to relief.'" **De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (quoting Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)).**

## II. DISCUSSION

The Plaintiff filed his complaint on May 5, 2006, alleging four causes of action: (1) a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*; (2) a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.*; (3) negligent infliction of emotional distress; and (4) a violation of the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. §§ 143-422, *et seq.*

The Defendant has moved to dismiss the last two claims. As to the third cause of action, the Defendant claims the Plaintiff has not pled that he was owed a common law duty by the Defendant not to be discharged. To state a claim for negligent infliction of emotional distress in North Carolina, a plaintiff must show (1) the defendant negligently engaged in conduct; (2) it was reasonably foreseeable that this conduct would cause severe emotional distress; and (3) the conduct did, in fact, cause severe emotional distress. **Johnson v. Ruark Obstetrics and Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990).**

The undersigned finds this cause of action must be dismissed but for a different reason. Plaintiff's complaint does not allege any negligent acts by the Defendant. ***Mitchell v. Lydall, Inc.*, 16 F.3d 410 (table), 1994 WL 38703 (4th Cir. 1994).** The complaint contains one conclusory allegation that the Defendant was negligent; every other allegation in the complaint charges intentional acts. *Id.* "Ken Wilson Ford *intentionally* discharged Gourley because of his age and gender." **Complaint, at ¶21.** "When the plaintiff's complaint alleges acts of discrimination that are intentional in nature, and simply concludes that the acts were committed negligently, it is insufficient to state a claim for negligent infliction of emotional distress." ***Barbier v. Durham County Bd. Of Educ.*, 225 F.Supp.2d 617, 631 (M.D.N.C. 2002) (citing *Mitchell, supra*); *Sheaffer v. County of Chatham*, 337 F.Supp.2d 709, 734 (M.D.N.C. 2004) (ruling on motion to dismiss); *McMahon v. Synthron, Inc.*, 2006 WL 149054 (W.D.N.C. 2006) (ruling on  motion to dismiss).** As a result, the Court grants the motion to dismiss the third cause of action.

Plaintiff's fourth cause of action is based on the North Carolina Equal Employment Practices Act. The Act provides that

> "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold

> employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees."
>
> The issue in the present case is whether [Gourley] can maintain a private cause of action under the NCEEPA. Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA. Instead, most courts have applied the NCEEPA only to common law wrongful discharge claims or in connection with other specific statutory remedies.

*Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (quoting N.C. Gen. Stat. § 143-422.2) (other citations omitted); accord, *McLean v. Patten Communities, Inc.*, 332 F.3d 714, 719 (4th Cir. 2003). The Plaintiff has made a conclusory allegation that he was wrongfully discharged in violation of the State's public policy against age discrimination. The claim just barely passes muster on a motion to dismiss.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss the third cause of action is hereby **GRANTED** and the motion to dismiss the fourth cause of action is hereby **DENIED**.

5

Signed: August 15, 2006

Lacy H. Thornburg
United States District Judge