# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Action # 1:06-cv-141

| | |
|---|---|
| WILLIAM H. GOURLEY, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT CONFIDENTIALITY** |
| ) | **AGREEMENT AND PROTECTIVE** |
| KEN WILSON FORD, INC. ) | **ORDER** |
| ) | |
| Defendant. ) | |

The parties hereby stipulate and agree to the entry of this Consent Confidentiality Agreement and Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. <u>Scope of Order</u>. This Protective Order governs the handling and disclosure of all materials produced, given, exchanged, or filed herein by any party to this matter designated as "Restricted Information."

2. <u>Agreement on Use of Restricted Information</u>. All Restricted Information, as defined and designated in accordance with this Protective Order, shall be used solely in furtherance of the prosecution or defense of this action, and shall not be used or disclosed by any person for any other purpose. Neither a party nor their counsel will contact any client, plan participant, prospect, referral source, or other person or business whose identity is disclosed in Restricted Information and/or Restricted Material in connection with this action or related matters without first obtaining (i) consent from the other party or (ii) Court approval upon motion and notice in the case; provided, however, that

nothing herein shall prevent any party or their counsel from issuing subpoenas to such persons to appear and to produce documents at trial or for deposition.

3. "Document." When used in this Protective Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes, videotapes, or copies thereof, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4. "Material." When used in this Protective Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

5. "Restricted Information." When used in this Protective Order, the term "Restricted Information" means the following:

a. Information regarding any clients, prospects, business practices, and methods of Ken Wilson Ford, Inc.;

b. Information regarding any current or former employee of Ken Wilson Ford, Inc. contained in such employee's personnel file;

c. Other confidential, proprietary, or business information;

d. Financial statements, summaries, and reports;

e. Any other information that either party designates as "Restricted Information" pursuant to this Protective Order; and

f. Any document or material containing or reflecting Restricted Information.

6. Exclusion. Restricted Information shall not include:

a. Any information that is properly in the public domain at the time of disclosure or

thereafter comes into the public domain (other than by breach of this Protective Order); or

b. Any information which is disclosed to any party in good faith by a third party not affiliated with or employed by any party, who has the legal right to make such disclosure; or

c. Any information for which any party by written agreement authorizes its unrestricted use.

If any portion of the information provided by any party falls within any one of the above exceptions, the remainder shall continue to be Restricted Information subject to the restrictions of this Protective Order.

7. <u>Designation of Restricted Material</u>. A party or witness in this action may designate material produced in the course of discovery by that party or witness as "Restricted Information." The production or disclosure pursuant to the terms of this Protective Order by a person shall not waive or prejudice the right of that person to object to the production or admissibility of documents or information in this or any other action. Any party who produces Restricted Information as defined in this Protective Order or who designates material as Restricted Information as set forth in this Paragraph 7 shall be referred to as the "Designating Party." Any party who seeks to disclose to another party any material deemed to be Restricted Information pursuant to this Protective Order shall be referred to as the "Disclosing Party." Designation of material as Restricted Information shall be made as follows:

a. In the case of documents furnished by the Designating Party, by writing, typing, or stamping on the face of the document the legend "RESTRICTED INFORMATION."

b. In the case of questions at a deposition containing information believed to contain Restricted Information, either by (1) designating the question asked or the testimony given, at the time asked and/or given, as Restricted Information, in which event the court reporter shall bind the Designated Material in a separate volume marked with the appropriate designation (if the restricted portion of a transcript cannot be conveniently segregated, then the entire transcript or pleading shall be deemed confidential), or (2) by giving notice in writing to the reporter or counsel of record for all parties within thirty (30) days after receipt of the transcript of the portions containing Restricted Information, in which event all counsel shall appropriately mark their copies of the transcript.

8. <u>Inadvertent Disclosures</u>. In the event that Restricted Information is inadvertently produced without placing the legend "RESTRICTED INFORMATION" thereon, the party or witness may, subsequent to the production, or subsequent to the 30-day period for designating material in deposition transcripts, designate the material as Restricted Information. In such event, the material shall be treated in accordance with the terms of this Protective Order from the time of the designation.

9. <u>Scope of Permitted Disclosure of Restricted Information</u>. Except upon further order of the Court, Restricted Information shall be disclosed only to the following persons:

a. Parties to this action and their officers, directors, in-house counsel and their staff, and employees who are directly participating in the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or any other settlement process and appeals), or who otherwise have a need to know of the Restricted Information for purposes of this lawsuit;

b. Law firms of record of the parties to this action and such firms' attorneys and office staff; and

c. Any person specifically employed in this litigation as an independent expert (who is not a shareholder, officer, director, or employee of a party) who has previously agreed in writing to be bound by the terms of this Protective Order by executing a Consultant's Acknowledgement in the form of Exhibit A, attached hereto (and the attorneys for the respective parties shall maintain a file of such written agreements).

9. <u>Conditions of Disclosure to Experts or Witnesses</u>. Prior to the disclosure of Restricted Information to any person set forth in Paragraphs 8(a) and 8(c) of this Protective Order, the Disclosing Party shall inform such person that Restricted Information shall be used for the purposes of the furtherance of the prosecution or defense of this action only. For good cause shown, the Disclosing Party shall disclose the identity of all persons to whom Restricted Information has been disclosed.

10. <u>Exclusion for Author</u>. Nothing in this Protective Order shall prohibit disclosure of a document that has been designated Restricted Information to the author of such document or any person(s) who have received such document prior to the date of this Protective Order.

11. <u>Reservation of Rights to Object and Challenge Designation</u>. This Protective Order is entered without prejudice to the right of any party to oppose production of any information on any grounds, or to bring before the Court at any time the question of whether any particular information is or is not the proper subject of protection under the provisions of Rule 26(c) of the Federal Rules of Civil Procedure.

12. <u>Disposition of Restricted Information</u>. Within thirty (30) days of the

completion of this action (which shall be the earlier of the date upon which judgment becomes final after all appeals have been exhausted or the date on which the action is terminated by stipulation of dismissal), all parties shall destroy all Restricted Information and copies thereof obtained through discovery, and counsel for each party shall prepare, file and serve on counsel for all other parties a written certification of compliance with this provision; provided, however, that nothing in this provision or Paragraph shall require the destruction of attorney work product.

13. <u>Procedural Reach of Restrictions</u>. Restrictions in this Protective Order on the disclosure and use of Restricted Information shall continue during any trial or hearing of this action until completion of the action and disposition in accordance with Paragraph 12 of this Protective Order; provided, however, that the disclosure and use of such Restricted Information during any such trial or during any hearing shall be subject to such protection as the Court shall determine is warranted and appropriate at the time of trial or hearing.

14. <u>Procedure on Challenge</u>. This Protective Order is being entered, by consent of the parties, for the purpose of facilitating the exchange and handling of documents and information deemed by any party to be confidential or sensitive material. The designation of any document or information as "Restricted Information" by any party shall not constitute a finding, determination, or admission that such document or information is confidential or a trade secret, and nothing in this Protective Order constitutes such a finding, determination, or admission. Nothing in this Protective Order shall prevent any party from contending, at any time during the progress of this action, that any or all such information or documents are not confidential and are not properly

subject to protection under the provisions of Rule 26(c) of the Federal Rules of Civil Procedure. In this regard, any party may request the Designating Party to cancel the "Restricted Information" designation with respect to all or part of any document, information, or material so designated and, if the parties are unable to resolve a dispute over a designation, may move the Court for entry of an order declassifying any such document, information, or material designated "Restricted Information." Unless and until such dispute is resolved by agreement or by the Court, the Designating Party, which is seeking to preserve the "Restricted Information" designation, shall have the burden of establishing that the document or information so designated is properly subject to protection under Rule 26(c). Moreover, until the Court enters an order, if any, changing the designation of the material, it shall be treated as restricted information pursuant to the terms and conditions of this Protective Order.

15. <u>Modification of Protective Order</u>. Any party may seek to have the terms of this Protective Order modified upon due notice to all of the other parties.

16. <u>Enforcement</u>. Each person who receives Restricted Information in this action or pursuant to this Order submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

**IT IS SO ORDERED.**

Signed: February 27, 2007

_____
Lacy H. Thornburg
United States District Judge

AGREED:


_____/s/ Mary E. Euler_____
Grant B. Osborne (NCSB 13316)
Mary E. Euler (NCSB 25799)
Attorneys for Plaintiff William H. Gourley, Jr.
MCGUIRE, WOOD & BISSETTE, P.A.
P.O. Box 3180
Asheville, NC 28802
(828) 254-8800
(828) 259-9623 fax
meuler@mwbavl.com



_____s/Victoria A. Street_____
Patrick H. Flanagan (NCSB 17407)
Victoria A. Street (NCSB 32945)
Attorneys for Defendant Ken Wilson Ford, Inc.
CRANFILL, SUMNER & HARTZOG, LLP
P.O. Box 30787
Charlotte, NC 28203
(704) 332-8300
(704) 332-9994 fax
pflanagan@cshlaw.com
vstreet@cshlaw.com



_____s/W. Scott Jones_____
W. Scott Jones (NCSB 18262)
Attorneys for Defendant Ken Wilson Ford, Inc.
LONG, PARKER, WARREN & JONES, P.A.
P.O. Box 7216
Asheville, NC 28802
(828) 258-2296
(828) 253-1073 fax
scott@longparker.com

EXHIBIT A

CONSULTANT'S ACKNOWLEDGMENT

The undersigned has read the Consent Confidentiality Agreement and Protective Order in this case dated February ____, 2007 and agrees: (1) That (s)he shall fully abide by the terms thereof; (2) that (s)he shall not disclose the Restricted Information to or discuss the Restricted Information with any person who is not authorized pursuant to the terms of the Consent Confidentiality Agreement and Protective Order to receive the Restricted Information and who has not signed an acknowledgment as therein provided; and (3) that (s)he shall not use such Restricted Information for any purpose other than this litigation.

_____
Printed Name: _____


STATE OF NORTH CAROLINA

COUNTY OF _____


Sworn to and subscribed before me this day by _____. (I have personal knowledge of the identity of the principal(s)). (I have seen satisfactory evidence of the principal's identity, by a current state or federal identification with the principal's photograph in the form of a _____.) (A credible witness has sworn to the identity of the principal.)


D a t e :       _ _ _ _ _ _ _ _ _ _ _ _ _
_____
                , Notary Public

My commission expires:

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this Consent Confidentiality Agreement and Protective Order in the above entitled action upon all other parties to this action by electronic notice, addressed as follows:

W. Scott Jones
scott@longparker.com

    Patrick H. Flanagan
    pflanagan@cshlaw.com

    Victoria A. Street
    vstreet@cshlaw.com

This the _____ day of February, 2007.

                                          /s/ Mary E. Euler

ND: 4846-4045-0049, v. 1